**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| LOUIS AGUILAR | ) | |
| 722 Ward Parkway, No. 34 | ) | |
| Kansas City, MO 64112 | ) | |
| | ) | Case No. |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE CHILDREN'S MERCY HOSPITAL | ) | |
| Serve:  Registered Agent, LTD. | ) | |
| 2345 Grand Blvd., Ste. 2800 | ) | |
| Kansas City, MO 64108 | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Louis Aguilar, by and through counsel, for his Complaint, hereby alleges and states:

## PARTIES

1.      Plaintiff Louis Aguilar ("Plaintiff") resides at 722 Ward Parkway, No. 34, Kansas City, Jackson County, Missouri 64112.

2.      Defendant The Children's Mercy Hospital ("Defendant") is a non-profit corporation organized under the laws of Missouri with its principal place of business located at 2401 Gillham Road, Kansas City, Jackson County, Missouri 64108.  Defendant can be served via its Registered Agent, Registered Agent LTD., at 2345 Grand Blvd., Ste. 2800, Kansas City, Jackson County, Missouri 64108.

1

## NATURE OF ACTION

3.      Plaintiff seeks relief against Defendant for the employment discrimination he suffered with regard to the terms and conditions of his employment as prohibited by the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., ("FMLA"), as more fully set forth herein.

## JURISDICTION AND VENUE

4.      This Court has primary jurisdiction pursuant to 28 U.S.C. § 1311 for Plaintiff's claims brought under the FMLA because these claims are brought pursuant to federal law.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and regularly transacts business in this judicial district.

6.      Venue is proper in this Court pursuant to the FMLA, 29 U.S. Code § 2617, because this is a federal court of competent jurisdiction.

7.      Defendant is subject to, and a covered employer under, the FMLA.

## FACTUAL ALLEGATIONS

8.      Plaintiff was employed by Defendant in 2002.

9.      At all times relevant to this Complaint, Plaintiff was a Senior Network System Analyst working at Defendant's Pediatric Care Network in Kansas City, Missouri.

10.      During Plaintiff's employment, Defendant employed Jim Naus ("Naus"), Manager of Technical Services.

11.      At all times relevant to this Complaint, Plaintiff was directly supervised by Naus. Naus had supervisory authority over Plaintiff, and Naus had the ability to make decisions affecting the terms and conditions of Plaintiff's employment.

12.     In late spring 2018, Plaintiff began having sharp abdominal pains, and he sought emergency medical treatment. The Emergency Room physician referred Plaintiff to his primary care physician for various tests, including liver testing.  Plaintiff was subsequently advised by his physician that he had two cysts on his liver.

13.     During June 2018, Plaintiff was ill on multiple occasions, and Naus recommended to Plaintiff that he apply for FMLA leave.   Naus instructed Plaintiff on how to submit his FMLA leave request.

14.     On July 19, 2018, Plaintiff submitted to Defendant an intake form requesting FMLA leave, which stated that Plaintiff "has been having tests due to liver complications." Plaintiff also stated on the intake form that his last scheduled doctor's appointment was on July 13, 2018, and his next scheduled doctor's appointment would occur on July 24, 2018.

15.     After Plaintiff submitted his FMLA leave request, Naus informed Plaintiff that he had received an email notification of Plaintiff's FMLA leave request.

16.     On July 20, 2018, Plaintiff's employment with Defendant was discharged. Naus notified Plaintiff of the discharge.

17.     In a letter dated July 20, 2018, Defendant acknowledged receipt of Plaintiff's FMLA leave request.

18.     In a letter dated July 31, 2018, over 10 days after his discharge, Plaintiff was notified by Defendant that additional information was required in order to approve his FMLA leave request.

## COUNT I – FMLA Interference

19.     Plaintiff hereby restates and incorporates paragraphs 1-18 of this Complaint as though fully set forth herein.

20.     Plaintiff was eligible to utilize leave pursuant to the FMLA.

21.     Plaintiff gave notice to Defendant of his need for FMLA leave.

22.     Plaintiff requested the use of FMLA leave prior to his termination.

23.     Defendant was aware of Plaintiff's need for FMLA leave.

24.     Defendant discharged Plaintiff one day after he submitted an FMLA leave request.

25.     As alleged herein, Defendant took adverse actions that interfered with, restrained, or denied Plaintiff's exercise or attempt to exercise his rights under the FMLA.

26.     Defendant's actions were due to Plaintiff's exercise or attempt to exercise his rights under the FMLA.

27.     By its actions alleged herein, Defendant denied Plaintiff an FMLA benefit to which he was entitled.

28.     Plaintiff has been damaged by Defendant's illegal conduct in that he has suffered economic damages.

29.     Defendant's actions were willful and taken in bad faith and therefore liquidated damages are warranted against Defendant to punish and deter it from such conduct.

WHEREFORE, Plaintiff Louis Aguilar prays for judgment against Defendant The Children's Mercy Hospital for his compensatory and liquidated damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost income, fringe benefits,

4

costs, attorneys' fees, prejudgment interest, any and all other relief available pursuant to the FMLA, and any other and further relief the Court deems just and proper.

## COUNT II – FMLA Retaliation/Discrimination

30.     Plaintiff hereby restates and incorporates paragraphs 1-29 of this Complaint as though fully set forth herein.

31.     Prior to his discharge, Defendant was on notice that Plaintiff may have a need for FMLA leave.

32.     Prior to his discharge, Plaintiff gave notice to Defendant of his need for FMLA leave for a condition that he believed, in good faith, might be covered by the FMLA.

33.     Plaintiff gave notice to Defendant of his need for FMLA leave.

34.     Plaintiff exercised his rights pursuant to the FMLA, thereby engaging in protected activity under the FMLA.

35.     At all times relevant hereto and as alleged herein above, Defendant took materially adverse employment actions against Plaintiff, including his discharge.

36.     Said adverse employment actions occurred because Plaintiff engaged in protected activity under the FMLA.

37.     Said conduct on the part of Defendant was discriminatory and retaliatory under the FMLA.

38.     Plaintiff has been damaged by Defendant's illegal conduct in that he has suffered economic damages.

39.     Defendant's actions were willful and taken in bad faith and therefore liquidated damages are warranted against Defendant to punish and deter it from such conduct.

WHEREFORE, Plaintiff Louis Aguilar prays for judgment against Defendant The Children's Mercy Hospital for his compensatory and liquidated damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost income, fringe benefits, costs, attorneys' fees, prejudgment interest, any and all other relief available pursuant to the FMLA, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Missouri as the place of trial in this case.

Respectfully submitted,


By: _/s/ Michael Stipetich_____
Michael Stipetich        MO # 62291
*Smith Mohlman Injury Law, LLC*
751 E. 63rd Street, Suite 106
Kansas City, MO 64110
816.866.7711(office)
816.866.7715(fax)
stip@accidentlawkc.com

*Attorneys for Plaintiff*

6