IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LOUIS AGUILAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-00010-RK |
| | ) | |
| THE CHILDREN'S MERCY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendants The Children's Mercy Hospital ("CMH" or "Defendant"), provides the following Answer and Affirmative and Other Defenses to Plaintiff's Complaint:

## PARTIES

1. Plaintiff Louis Aguilar ("Plaintiff') resides at 722 Ward Parkway, No. 34 **[sic]**, Kansas City, Jackson County, Missouri 64112.

   **ANSWER:** **Upon information and belief, Defendant admits the allegations contained in Paragraph 1.**

2. Defendant The Children's Mercy Hospital ("Defendant") is a non-profit corporation organized under the laws of Missouri with its principal place of business located at 2401 Gillham Road, Kansas City, Jackson County, Missouri 64108. Defendant can be served via its Registered Agent, Registered Agent LTD., at 2345 Grand Blvd., Ste. 2800, Kansas City, Jackson County, Missouri 64108.

   **ANSWER:** **Defendant admits the allegations contained in Paragraph 2.**

## NATURE OF ACTION

3. Plaintiff seeks relief against Defendant for the employment discrimination he suffered with regard to the terms and conditions of his employment as prohibited by the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., ("FMLA"), as more fully set forth herein.

> **ANSWER:** **Defendant admits Plaintiff has raised such allegations but denies any liability on such allegations.**

## JURISDICTION AND VENUE

4. This Court has primary jurisdiction pursuant to 28 U.S.C. § 1311 for Plaintiff's claims brought under the FMLA because these claims are brought pursuant to federal law.

> **ANSWER:** **Defendant admits the allegations contained in Paragraph 4, but denies in engaging in any conduct giving rise to jurisdiction or venue before this Court.**

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and regularly transacts business in this judicial district.

> **ANSWER:** **Defendant admits the allegations contained in Paragraph 5, but denies in engaging in any conduct giving rise to jurisdiction or venue before this Court.**

6. Venue is proper in this Court pursuant to the FMLA, 29 U.S. Code § 2617, because this is a federal court of competent jurisdiction.

> **ANSWER:** **Defendant admits the allegations contained in Paragraph 6, but denies in engaging in any conduct giving rise to jurisdiction or venue before this Court.**

7. Defendant is subject to, and a covered employer under, the FMLA.

> **ANSWER:** **The allegations in Paragraph 7 call for legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 7.**

## FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant in 2002.

> **ANSWER:** **Defendant admits the allegations contained in Paragraph 8.**

9. At all times relevant to this Complaint, Plaintiff was a Senior Network System Analyst working at Defendant's Pediatric Care Network in Kansas City, Missouri.

> **ANSWER:** **Defendant admits that it employed Plaintiff as a Senior Network System Analyst in Kansas City, Missouri. Defendant is without sufficient information to either admit or deny what Plaintiff believes**

to be "all times relevant to this Complaint," and therefore denies the same. Defendant denies any and all remaining allegations contained in Paragraph 9.

10. During Plaintiff's employment, Defendant employed Jim Naus ("Naus"), Manager of Technical Services.

> **ANSWER:** **Defendant admits it employs Mr. Naus and employed him for a portion of the time during which Plaintiff was employed. Defendant denies any and all remaining allegations contained in Paragraph 10.**

11. At all times relevant to this Complaint, Plaintiff was directly supervised by Naus. Naus had supervisory authority over Plaintiff, and Naus had the ability to make decisions affecting the terms and conditions of Plaintiff s employment.

> **ANSWER:** **Defendant admits that Mr. Naus was Plaintiff's direct supervisor for a period of time, including at the end of Plaintiff's employment. Defendant is without sufficient information to either admit or deny what Plaintiff believes to be "all times relevant to this Complaint," and therefore denies the same. Defendant denies any and all remaining allegations contained in Paragraph 11 as calling for legal conclusions.**

12. In late spring 2018, Plaintiff began having sharp abdominal pains, and he sought emergency medical treatment. The Emergency Room physician referred Plaintiff to his primary care physician for various tests, including liver testing. Plaintiff was subsequently advised by his physician that he had two cysts on his liver.

> **ANSWER:** **Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 12 and therefore, denies the same.**

13. During June 2018, Plaintiff was ill on multiple occasions, and Naus recommended to Plaintiff that he apply for FMLA leave. Naus instructed Plaintiff on how to submit his FMLA leave request.

> **ANSWER:** **Defendant is without sufficient information to admit or deny when Plaintiff was "ill" and/or on how many occasions and therefore denies**

> the same. Defendant denies any and all remaining allegations contained in Paragraph 13.

14. On July 19, 2018, Plaintiff submitted to Defendant an intake form requesting FMLA leave, which stated that Plaintiff "has been having tests due to liver complications." Plaintiff also stated on the intake form that his last scheduled doctor's appointment was on July 13, 2018, and his next scheduled doctor's appointment would occur on July 24, 2018.

> **ANSWER:** Defendant denies the allegations contained in Paragraph 14.

15. After Plaintiff submitted his FMLA leave request, Naus informed Plaintiff that he had received an email notification of Plaintiff's FMLA leave request.

> **ANSWER:** Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15, and therefore denies the same.

16. On July 20, 2018, Plaintiff's employment with Defendant was discharged. Naus notified Plaintiff of the discharge.

> **ANSWER:** Defendant admits it informed Plaintiff of the decision to terminate his employment on July 20, 2018. Defendant denies any and all remaining allegations contained in Paragraph 16, including any implications.

17. In a letter dated July 20, 2018, Defendant acknowledged receipt of Plaintiff's FMLA leave request.

> **ANSWER:** Defendant denies the allegations contained in Paragraph 17.

18. In a letter dated July 31, 2018, over 10 days after his discharge, Plaintiff was notified by Defendant that additional information was required in order to approve his FMLA leave request.

> **ANSWER:** Defendant denies the allegations contained in Paragraph 18.

## COUNT I — FMLA Interference

19. Plaintiff hereby restates and incorporates paragraphs 1-18 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant incorporates its answers to the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff was eligible to utilize leave pursuant to the FMLA.

**ANSWER:** The allegations in Paragraph 20 call for legal conclusions, to which no response is required. To the extent a response is required Defendant denies the allegations contained in Paragraph 20.

21. Plaintiff gave notice to Defendant of his need for FMLA leave.

**ANSWER:** The allegations in Paragraph 21 call for legal conclusions, to which no response is required. To the extent a response is required Defendant denies the allegations contained in Paragraph 21.

22. Plaintiff requested the use of FMLA leave prior to his termination.

**ANSWER:** Defendant admits Plaintiff made contact with Matrix, the third party leave administrator contracted by Defendant. Defendant denies any and all remaining allegations contained in Paragraph 22.

23. Defendant was aware of Plaintiff's need for FMLA leave.

**ANSWER:** The allegations in Paragraph 23 call for legal conclusions, to which no response is required. To the extent a response is required Defendant denies the allegations contained in Paragraph 23.

24. Defendant discharged Plaintiff one day after he submitted an FMLA leave request.

**ANSWER:** Defendant admits it informed Plaintiff of the decision to terminate his employment on July 20, 2018 which, upon information and belief, was the day after Plaintiff made contact with Matrix, the third party leave administrator contracted by Defendant. Defendant denies any and all remaining allegations contained in Paragraph 24.

25. As alleged herein, Defendant took adverse actions that interfered with, restrained, or denied Plaintiff's exercise or attempt to exercise his rights under the FMLA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 25.

26. Defendant's actions were due to Plaintiff's exercise or attempt to exercise his rights under the FMLA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26.

27. By its actions alleged herein, Defendant denied Plaintiff an FMLA benefit to which he was entitled.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27.

28. Plaintiff has been damaged by Defendant's illegal conduct in that he has suffered economic damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28.

29. Defendant's actions were willful and taken in bad faith and therefore liquidated damages are warranted against Defendant to punish and deter it from such conduct.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29.

WHEREFORE, Plaintiff Louis Aguilar prays for judgment against Defendant The Children's Mercy Hospital for his compensatory and liquidated damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost income, fringe benefits, costs, attorneys' fees, prejudgment interest, any and all other relief available pursuant to the FMLA, and any other and further relief the Court deems just and proper.

**ANSWER:** Defendant denies Plaintiff is entitled to the relief requested.

<u>COUNT II — FMLA Retaliation/Discrimination</u>

30. Plaintiff hereby restates and incorporates paragraphs 1-29 of this Complaint as though fully set forth herein.

**ANSWER:** **Defendant incorporates its answers to the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.**

31. Prior to his discharge, Defendant was on notice that Plaintiff may have a need for FMLA leave.

**ANSWER:** The allegations in Paragraph 31 call for legal conclusions, to which no response is required. To the extent a response is required Defendant denies the allegations contained in Paragraph 31.

32. Prior to his discharge, Plaintiff gave notice to Defendant of his need for FMLA leave for a condition that he believed, in good faith, might be covered by the FMLA.

**ANSWER:** The allegations in Paragraph 32 call for legal conclusions, to which no response is required. To the extent a response is required Defendant denies the allegations contained in Paragraph 32.

33. Plaintiff gave notice to Defendant of his need for FMLA leave.

**ANSWER:** The allegations in Paragraph 33 call for legal conclusions, to which no response is required. To the extent a response is required Defendant denies the allegations contained in Paragraph 33.

34. Plaintiff exercised his rights pursuant to the FMLA, thereby engaging in protected activity under the FMLA.

**ANSWER:** The allegations in Paragraph 34 call for legal conclusions, to which no response is required. To the extent a response is required Defendant denies the allegations contained in Paragraph 34.

35. At all times relevant hereto and as alleged herein above, Defendant took materially adverse employment actions against Plaintiff, including his discharge.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

36. Said adverse employment actions occurred because Plaintiff engaged in protected activity under the FMLA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36.

37. Said conduct on the part of Defendant was discriminatory and retaliatory under the FMLA.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37.

38. Plaintiff has been damaged by Defendant's illegal conduct in that he has suffered economic damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 38.

39. Defendant's actions were willful and taken in bad faith and therefore liquidated damages are warranted against Defendant to punish and deter it from such conduct.

**ANSWER:** Defendant denies the allegations contained in Paragraph 39.

WHEREFORE, Plaintiff Louis Aguilar prays for judgment against Defendant The Children's Mercy Hospital for his compensatory and liquidated damages in an amount in excess of $75,000 that is fair and reasonable, including but not limited to, lost income, fringe benefits, costs, attorneys' fees, prejudgment interest, any and all other relief available pursuant to the FMLA, and any other relief the Court deems just and proper.

**ANSWER:** Defendant denies Plaintiff is entitled to the relief requested.

## GENERAL DENIAL

**Defendant denies any and all allegations not specifically admitted herein.**

## AFFIRMATIVE AND OTHER DEFENSES

1. **Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

2. **Plaintiff's claims are barred by the applicable statute of limitations and/or other periods of limitation.**

3. **Plaintiff's claims are barred by the doctrines of laches, avoidable consequences, waiver, estoppel, collateral estoppel, res judicata, and/or unclean hands.**

4. **Plaintiff's claims are barred because Defendant did not cause or contribute to any damages, loss or injury allegedly sustained by Plaintiff.**

5. **Plaintiff's claims fail because Defendant took no action against Plaintiff because of any of Plaintiff's protected characteristics or activities.**

6. **All decisions made or actions taken by Defendant with respect to Plaintiff were justified by legitimate, non-discriminatory business reasons.**

7. **Pleading in the alternative, any of the decisions made or actions taken by Defendant with respect to Plaintiff were made/taken with the good-faith belief that such actions complied with all applicable laws.**

8. **Plaintiff's claims are barred because even if an impermissible motivating/determining factor in any decision made or action taken by Defendant, which Defendant denies, Defendant would have taken the same action in the absence of any impermissible motivating/determining factor.**

9. **Any injury and/or damage to the Plaintiff, the existence of which Defendant expressly denies, was caused by Plaintiff and/or by third parties over whom Defendant had no control.**

10. **To the extent Plaintiff was damaged, which damages Defendant specifically denies, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy his duty to mitigate those damages.**

11. **To the extent that Plaintiff recovers any damages based on his claims, the existence of which Defendant specifically denies, Defendant is entitled to a set-off or credit for amounts Plaintiff earned or could have earned if he had mitigated his claimed damages.**

12. **Plaintiff's claims are barred and/or his alleged damages limited in whole or in part by the doctrine of after-acquired evidence. To the extent after-acquired evidence is discovered, Plaintiff's alleged damages are cut off as of the time such after-acquired evidence is discovered.**

13. **Plaintiff is not entitled to recover liquidated and/or punitive damages because Defendant made a good faith attempt to comply with federal law and predicated upon reasonable grounds making it unfair to impose more than a compensatory verdict.**

14. **Defendant's actions were taken in subjective good faith and with an objectively reasonable belief that it complied with the law, making any award of liquidated damages improper.**

15. **The acts of which Plaintiff complains either did not occur or did not occur as alleged by Plaintiff.**

16. **Plaintiff cannot establish a prima facie case of discrimination or retaliation under the FMLA, including but not limited to because he cannot establish (1) Plaintiff was eligible for leave under the FMLA, (2) he had a serious health condition and/or other qualifying status, (3) he requested leave, (4) Defendant took an adverse action against Plaintiff, (5) Plaintiff's requests for and/or use of leave was a motivating and/or determining factor in such adverse action, and (6) as a result, Plaintiff experienced damages.**

17. **Plaintiff cannot establish a prima facie case of interference under the FMLA, including but not limited to because he cannot establish (1) Plaintiff was an eligible employee under the FMLA, (2) Defendant was an employer as defined by FMLA, (3) Plaintiff was entitled to FMLA leave, (4) Plaintiff gave Defendant timely/proper notice of his intent to take FMLA leave, (5) Defendant denied Plaintiff FMLA benefits to which he was entitled and/or otherwise interfered with leave to which Plaintiff was entitled, and (6) as a result, Plaintiff experienced damages.**

18. **Assuming Plaintiff can establish the elements of any claim under the FMLA, which Defendant denies, Defendant would have made the same decision without regard to any allegedly improper consideration.**

19. **Plaintiff's purported "interference" claim is improperly duplicative of his retaliation or discrimination claim and should be dismissed as a result.**

20. **Assuming Plaintiff can establish the elements of any claim under the FMLA, he cannot come forward with sufficient evidence of pretext to rebut the legitimate non-discriminatory reason for Defendant's adverse action (job performance).**

21. **Defendant's actions with respect to Plaintiff were non-discriminatory, non-interfering and non-retaliatory; were based on legitimate reasons and carried out in the good faith exercise of Defendant's reasonable business judgment; were not based on Plaintiff's entitlement to and/or alleged request for leave under the FMLA; and were carried out/would have been carried out regardless of any protected status.**

22. **Because Defendant has yet to avail itself of the right to discovery, and does not fully know the circumstances of the alleged incidents described in Plaintiff's Complaint, Defendant hereby notifies Plaintiff that until it can avail itself of discovery, it cannot be determined whether Defendant will assert the above-stated defense at trial or whether those will be the only such defenses asserted. Such defenses are, however, asserted herein in order to preserve Defendant's right to assert such defenses and to avoid waiver of any such defenses. Defendant expressly reserves the right to plead any additional affirmative defenses as may become appropriate and/or necessary.**

**WHEREFORE, having fully answered Plaintiff's Complaint, Defendant The Children's Mercy Hospital respectfully requests that the Court enter judgment in its favor and against Plaintiff the claims raised in his Complaint, award Defendant its costs and reasonable attorneys' fees incurred in defending this action, and such other relief as the Court deems fair, just, and equitable.**

DocID: 4823-0145-5237.1

11

Case 4:19-cv-00010-RK   Document 4   Filed 01/28/19   Page 11 of 12

Respectfully Submitted,

*/s/ Timothy A. Hilton*

| Julianne P. Story | MO Bar #42295 |
| Timothy A. Hilton | MO Bar #61622 |

HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
julianne.story@huschblackwell.com
tim.hilton@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 28th of January, 2019, a copy of the above and foregoing was served via the Court's electronic ECF filing/notification system to:

Michael Stipetich
Smith Mohlman Injury Law, LLC
751 E. 63rd Street, Suite 106
Kansas City, Missouri 64110
stip@accidentlawkc.com

**Attorney for Plaintiff**

*/s/ Timothy A. Hilton*
**Attorney for Defendant**